UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JESSIE SAMUEL RUFUS BENFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00261-SRW |
| | ) | |
| JAMES M. DOWD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Jessie Samuel Rufus Benford for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 U.S. 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a self-represented litigant and frequent filer in the United States District Court for the Eastern District of Missouri. Going back to 2000, he has twenty-seven closed cases, with two more cases – including this one – currently pending. More recently, plaintiff has filed a series of four cases that all arise from the end of his employment with Schneider National Carriers, Inc (Schneider).

The first of these cases was an employment discrimination case under Title VII of the Civil Rights Act of 1964, filed on March 21, 2019. *Benford v. Schneider National Carriers, Inc.*, No. 4:19-cv-550-MTS (E.D. Mo.). In the complaint, plaintiff asserted that he had been "deprived of [a] normal work environment" by his supervisor, Jack Filina. According to plaintiff, he was a truck driver for Schneider, and required to report to Filina for approval to work each day. During a seven-day period when Filina was on leave, plaintiff could not reach him. When plaintiff ultimately made contact with Filina, Filina expressed the opinion that plaintiff was not committed to the job. During a conversation in which plaintiff accused Filina of speaking to him disrespectfully, Filina told plaintiff that "he had no more work for" him. Plaintiff insisted that his discharge from Schneider resulted from his religious beliefs.

After initial review of the complaint under 28 U.S.C. § 1915, the district court dismissed the Title VII claims relating to race, color, and gender discrimination, as well as the hostile work environment and retaliation claims. The religious discrimination claim was allowed to proceed. On July 19, 2021, however, the district court granted Schneider's motion for summary judgment. Specifically, the district court determined that plaintiff had not supported his claim of religious discrimination, and that Schneider had demonstrated that plaintiff failed to meet their reasonable requirements for employment after failing to report to work on multiple occasions. Plaintiff filed a notice of appeal, but on January 10, 2022, the United States Court of Appeals for the Eighth Circuit affirmed the judgment of the district court. *Benford v. Schneider National Carriers, Inc.*, No. 21-2717 (8th Cir. 2022).

Upon conclusion of this case, plaintiff filed three similar cases on January 13, 2022, all of them contesting how the end of his employment at Schneider unfolded.

In *Benford v. Missouri Court of Appeals Eastern District*, No. 4:22-cv-52-HEA (E.D. Mo Jan. 13, 2022), plaintiff alleged that he had been discriminated against by the Missouri Court of Appeals when a ruling was made "claiming that [he] quit [his] job when [his] employer (Schneider Nat. [and] Jack Filina) admitted to terminating [him] in federal court." On January 19, 2022, the district court granted plaintiff's motion for leave to proceed in forma pauperis, and reviewed his complaint under 28 U.S.C. § 1915. Pursuant to that review, the district court determined that plaintiff actually intended to sue the United States Court of Appeals for the Eighth Circuit, which had affirmed the district court's earlier dismissal of his employment discrimination complaint. The district court then dismissed the complaint without prejudice, as the Court of Appeals was entitled to sovereign immunity.

Next, in *Benford v. Missouri Division of Employment Security*, No. 4:22-cv-56-SRW (E.D. Mo. Jan. 13, 2022), plaintiff sued the Missouri Division of Employment Security, stating that he had been terminated from his employment with Schneider by Jack Filina, but that Filina "maliciously lied and claimed" that he had "quit." Later, Filina "confessed to terminating [him] in federal court." Nevertheless, the "Missouri Division of Employment falsely ruled in favor of Jack Filina, although Jack Filina confessed to terminating" plaintiff. On January 19, 2022, the Court granted plaintiff's motion for leave to proceed in forma pauperis, and reviewed his complaint under 28 U.S.C. § 1915. Following that review, the district court dismissed plaintiff's complaint without prejudice. To the extent that plaintiff brought the case under 42 U.S.C. § 1983, the district court explained that the Missouri Division of Employment Security was not a "person," and that the claim was barred by sovereign immunity. Meanwhile, to the extent he was suing under Title VII, the district court noted that plaintiff was employed by Schneider, not the Missouri Division of Employment Security.

4

Finally, in *Benford v. Labor and Industrial Relations Comm.*, No. 4:22-cv-58-SEP (E.D. Mo. Jan. 13, 2022), plaintiff brought suit against the Labor and Industrial Relations Commission, asserting a violation of the First Amendment and Title VII. As with this other cases, plaintiff argued that he had been fired from Schneider by Jack Filina, but that the Labor and Industrial Relations Commission indicated that he had quit. On August 23, 2022, the district court granted plaintiff's motion for leave to proceed in forma pauperis, and reviewed his case pursuant to 28 U.S.C. § 1915. Based on that review, the district court dismissed plaintiff's constitutional claim because the State of Missouri's Labor and Industrial Relations Commission was not a "person" under 42 U.S.C. § 1983, and because the claim was barred by sovereign immunity under the Eleventh Amendment. The district court also observed that plaintiff had failed to state a Title VII claim, as he had not presented any facts regarding workplace discrimination. Instead, the district court noted that plaintiff was "repackaging old claims and bringing them against different defendants."

Plaintiff filed the instant action on March 1, 2023.[1]

## The Complaint

Plaintiff's complaint is brought pursuant to 42 U.S.C. § 1983. (Docket No. 1 at 4). He names James M. Dowd, Gary M. Gaertner, Jr., and Robin Ransom as defendants. (Docket No. 1 at 2-3). All three are judges. Plaintiff does not indicate the capacities in which they are sued.

In the "Statement of Claim," plaintiff asserts that he "was falsely charged with quitting [his] job with Schneider National, via James M. Dowd, Gary M. Gaertner, [and] Robin Ransom." (Docket No. 1 at 6). He states that this false charge occurred on October 8, 2019, at One Post

---

[1] On the same date, plaintiff filed a separate lawsuit which has been docketed as *Benford v. Stimson*, 4:23-cv-263-SEP (E.D. Mo.). In the complaint, plaintiff states that on February 4, 2019, plaintiff "was falsely charged by S. Stimson of quitting [his] job with Schneider National." The case remains pending.

Office Square, 815 Olive Street, St. Louis, Missouri.[2] By way of explanation, plaintiff alleges that defendants "failed to properly [investigate] Jack Filina's…statement that [plaintiff] quit his job." Rather, Filina "confessed" on June 7, 2019 that he terminated plaintiff.

Plaintiff neglects to provide any further context for his claims. Based on the Court's review of Case.net,[3] though, it appears that plaintiff is referring to a state court proceeding docketed as *Benford v. Schneider National Carriers, Inc.*, No. ED107701 (Mo. App. 2019). This case is an appeal from the Missouri Labor and Industrial Relations Commission, in which plaintiff contested the denial of "unemployment benefits after his separation from Schneider National Carriers, Inc." On October 8, 2019 – the date referenced in the "Statement of Claim" – the Court of Appeals affirmed the Commission's determination that plaintiff "was disqualified from receiving benefits because he voluntarily left his employment without good cause attributable to his work or employer." The appeal came before Judges Dowd, Gaertner, and Ransom, the defendants in this action.

As a result of this "false charge," plaintiff claims that he has suffered emotional distress and deprivation. He seeks $300,000 in compensatory damages, and $5,000,000 in punitive damages.

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, accusing three judges of failing to properly investigate his case. Because he is proceeding in

---

[2] This appears to be a reference to the Missouri Court of Appeals, Eastern District.

[3] Case.net is Missouri's online case management system. The Court takes judicial notice of this public record. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville,* 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

**A. Official Capacity Claims**

Plaintiff brings this action against three individuals, but does not indicate the capacity in which they are sued. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, defendants are Missouri appellate judges. As such, the official capacity claims against them are treated as claims against the State of Missouri itself, their employer. The claim fails for two reasons.

**i.    State is Not a 42 U.S.C. § 1983 "Person"**

First, the Court notes that 42 U.S.C. § 1983 "provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't*

*of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (explaining that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983").

Here, the official capacity claims against defendants are treated as being made against the State of Missouri. As noted above, a state is not a "person" under 42 U.S.C. § 1983 in a suit for money damages, which is what plaintiff is seeking. Because plaintiff is missing an essential element of a § 1983 claim, the official capacity claims against defendants must be dismissed.

### ii.    Claim Against State Barred by Sovereign Immunity

Second, plaintiff's official capacity claims against these state employees are barred by the doctrine of sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment also bars official capacity claims against state officials for monetary damages. *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment").

8

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a state waives its immunity to suit in federal court. *Id.* at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable because 42 U.S.C. § 1983 – under which this case arises – does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception does not apply because the State of Missouri has not waived its immunity in this type of case. *See* RSMo § 537.600 (explaining that sovereign immunity is "in effect," and providing exceptions relating to the "negligent acts or omissions by public employees arising out of the operation of motor vehicles…within the course of their employment," and regarding "[i]njuries caused by the condition of a public entity's property").

Here, defendants are alleged to be state judges, meaning that the official capacity claims against them for monetary damages are barred by the Eleventh Amendment. Furthermore, neither exception to sovereign immunity is applicable to plaintiff's 42 U.S.C. § 1983 action. Therefore, for this reason as well, plaintiff's official capacity claims must be dismissed.

## B. Individual Capacity Claims

As already noted, plaintiff has failed to indicate the capacity in which defendants are sued. Thus, the claims are treated as being made in an official capacity only. Even if plaintiff had sued defendants in their individual capacities, the claims would be subject to dismissal for the following two reasons.

### i. Individual Capacity Claims Barred by Judicial Immunity

In order to allow judicial officers to exercise their vested authority and to act upon their own convictions, judges are provided with judicial immunity from suit. *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

A judge's immunity from 42 U.S.C. § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). *See also Justice Network, Inc.*, 931 F.3d at 760 (stating "that to

10

determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge").

Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462. This is the case even if the judge's actions were judicial in nature. *Schottel*, 687 F.3d at 373. In the context of judicial immunity, however, the scope of the judge's jurisdiction is construed broadly. *Justice Network, Inc.*, 931 F.3d at 762. "[A]n action – taken in the very aid of the judge's jurisdiction over a matter before him – cannot be said to have been taken in the absence of jurisdiction." *Mireles*, 502 U.S. at 13.

In this case, defendants are clearly entitled to judicial immunity. There is no indication that plaintiff is suing them for anything other than finding against him. More particularly, he is upset that defendants – Missouri Court of Appeals judges – affirmed an adverse decision made by the Labor and Industrial Relations Commission. Obviously, this constitutes a judicial act. That is to say, the issuing of an opinion that affirms the ruling of an inferior tribunal is an act normally performed by appellate judges, and is undertaken in a judicial capacity. Further, there is no suggestion whatsoever that defendants acted in the complete absence of jurisdiction when they issued their ruling. Instead, plaintiff merely claims that their decision is wrong. Regardless of the correctness of the decision, judicial immunity bars suit against judges who are exercising their vested authority. Therefore, even if plaintiff had sued defendants in their individual capacities, the claims would be subject to dismissal.

## ii. Failure to State an Individual Capacity Claim

Individual liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983

11

liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Here, plaintiff has failed to make any effort connecting each individual defendant to a constitutional violation. His brief, broadly-worded "Statement of Claim" does not sufficiently allege what each defendant personally did or did not do, much less establish that their actions or inactions resulted in the violation of his rights. To the contrary, plaintiff relies entirely on labels such as "false charge," and unsupported conclusions, such as the contention that defendants "failed to properly" investigate. This does not present a plausible claim for relief. *See Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018) (explaining that to state a plausible claim for relief, a plaintiff is required to "offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action"); and *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice"). Therefore, for this reason as well, even if plaintiff had sued defendants in their individual capacities, the claims would be subject to dismissal.

## C. Pre-Service Dismissal

Pursuant to 28 U.S.C. § 1915, the Court must dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C.

12

§ 1915(e)(2)(B). As discussed above, plaintiff brings this civil action under 42 U.S.C. § 1983, but has not indicated the capacities in which defendants are sued. Thus, plaintiff's claims against defendants are construed as being made in their official capacities only. An official capacity claim against an individual is actually made against the individual's governmental employer, which in this case is the State of Missouri. Under § 1983, a state is not a "person." Moreover, plaintiff's claims are barred by sovereign immunity. Therefore, the official capacity claims must be dismissed.

Even if the Court assumed that plaintiff intended to sue defendants in their individual capacities, they are protected by judicial immunity for actions taken in their capacity as judges. Furthermore, plaintiff has failed to establish each separate defendant's personal responsibility for violating one of his constitutional rights.

The Court notes that this is the fifth case that plaintiff has filed in the United States District Court for the Eastern District of Missouri alleging the same operative facts, to wit: that plaintiff did not quit his employment from Schneider, but was fired by Jack Filina. Three of those cases have been dismissed without prejudice, while a fourth remains pending. The instant case represents yet another attempt by plaintiff to advance the same arguments against different defendants. As set forth above, plaintiff has failed to state a claim that is sufficient for purposes of pre-service review. Consequently, the Court will dismiss this action without prejudice.

**D. Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as this case is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this 19th day of May, 2023.

_____

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE